IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| RICHARD SADDLER, an Individual<br>        Plaintiff,<br><br>v.<br><br>CARVANA, LLC, an Arizona Limited Liability Company<br>        Defendant. | No.: 19SL-CC05679<br><br>Division: 1 |

FILED
DEC 23 2019
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## COMPLAINT

COMES NOW Plaintiff Richard Saddler, appearing *pro se*, and for his cause of action against Defendant Carvana, LLC ("Defendant"), states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Richard Saddler is a citizen and resident of the County of St. Louis, State of Missouri.

2. Defendant Carvana, LLC is a limited liability company organized under the laws of the State of Arizona. Defendant does business under the fictitious name Carvana. Defendant is registered as a foreign limited liability company in the State of Missouri.

3. At all times herein mentioned, Defendant maintained continuous, significant and ongoing business activities within the State of Missouri which constituted purposeful minimum contacts with Missouri and which subject it to personal jurisdiction.

4. In particular, Defendant is in the business of buying, selling, financing and delivering used cars to customers throughout the State of Missouri and the United States. As part of its business, Defendant employs full-time and part-time personnel in Missouri, including, but not limited to, customer advocate field personnel, lot attendants, drivers, marketers, and other personnel who all work in concert to achieve the business goals of Defendant. Defendant

1


EXHIBIT A

contracts to buy, sell and finance used vehicles in St. Louis County Missouri. Defendant owns and operates lots to store and service vehicles in Missouri. Defendants sells and delivers vehicles to customers in St. Louis County Missouri. All the aforementioned activities constitute purposeful minimum contacts with the State of Missouri so as to satisfy the requirements of general jurisdiction over Defendant.

5. Venue is proper in St. Louis County in that Plaintiff is a resident of St. Louis County Missouri.

6. Desiring to purchase a used vehicle, Plaintiff utilized Defendant's website to search for and locate a suitable vehicle.

7. After locating a vehicle, Plaintiff applied for financing through Carvana's related party finance company and was approved to finance $26,489.02 which included the price of the vehicle, TAVT tax, license fee, vehicle protection and GAP coverage, at an interest rate of 12.61%.

8. On or about September 21, 2018, Defendant delivered to Plaintiff at his residence a 2015 GMC Terrain Denali "(Denali)". Plaintiff executed final documents acknowledging and accepting delivery.

9. Plaintiff executed a retail installment contract, a security agreement, Carvana Care agreement, credit reporting notice, odometer disclosure statement, and a GAP Addendum to retail installment contract.

10. Neither at the time of sale or delivery of the purchased vehicle nor any time subsequent did Defendant provide Plaintiff title or an assignment of a Certificate of Ownership to the purchased vehicle as required by Missouri law.

11. Approximately forty-five days after his purchase, and prior to the expiration of the temporary registration tags, Plaintiff was required to obtain at his expense and inconvenience the first of what would turn into several emissions inspections with odometer readings. Defendant told Plaintiff he needed to take these actions and email the emissions test results to Defendant ostensibly so as Defendant could provide Plaintiff his vehicle title or an assignment of a Certificate of Ownership and registered license plates. Defendant told Plaintiff they would cover the expense of obtaining his emissions test. Plaintiff has repeatedly requested that the Defendant sign over said title, placing Carvana/ Bridgecrest (Carvana's Finance company) as lienholder. Allowing Plaintiff to obtain his own registration. Defendant has refused to even do that.

12. Despite providing a passing emissions test result via US Postal Service and email as directed by Defendant, Plaintiff was informed Defendant's third-party processing company was unable to process the title and registration and they were requesting original emission inspection and odometer readings issued by the State of Missouri and not the "copy" provided by mail or email.

13. Despite making all required payments under the Contract and as a consequence of Plaintiff's ownership registration problems, in April 2018 Plaintiff began receiving emails from Defendant threatening repossession of the vehicle Plaintiff purchased.

14. As a further consequence of Plaintiff's registration problems, he has been stopped repeatedly by police for driving without properly registered license plates. Plaintiff feels fearful for his and his family's safety because of potential ramifications from having to confront a hostile police officer due to unregistered license plates.

15. Beginning approximately September 2018 until approximately April 2019, Plaintiff has made all monthly payments on his purchased vehicle in the amount of $527.00 for a total amount

of approximately $3700 all of which have been paid toward a vehicle plaintiff doesn't legally own.

16.     Plaintiff has additionally suffered loss of time, inconvenience, annoyance, and embarrassment resulting from his vehicle purchase and Defendant's failure to assign Plaintiff a Certificate of Ownership or title pursuant thereto and by Defendant's further and ongoing failure to remedy their omission of failing to assign Plaintiff a Certificate of Ownership.

17.     Defendant's actions, as described herein, were outrageous because of Defendant's conscious disregard of their contractual and statutory obligations or otherwise reckless indifference to Plaintiff's rights, and the rights of others, such that Plaintiff is entitled to an additional amount as punitive damages in a sum sufficient to punish Defendant and to deter Defendant and others from like conduct.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

19. On or around September 21, 2018, Plaintiff entered into a contract ("Contract") with Defendant for the purchase of a used vehicle. *See* Contract marked Exhibit I, attached hereto and incorporated herein by reference. The Contract was executed in St. Louis County Missouri. The Contract names Defendant as "Dealer" for the sale of the subject vehicle.

20. The Contract and Missouri State law (*R.S.Mo.§ 301.210*) required the Defendant, among other things, to provide Plaintiff with title to the vehicle by assigning him a Certificate of Ownership upon performance by Plaintiff of his contractual obligations.

21. Plaintiff performed fully in accordance with the Contract paying Defendant each and every payment in the correct amount as it became due until May 2019.

22. Plaintiff was never provided a Certificate of Ownership by Defendant at time of vehicle delivery as required by Missouri law and which is necessary to register his purchased vehicle.

23. Defendant's failure to provide Plaintiff documents necessary to register his purchased vehicle constitutes not only a breach of the Contract itself but also a breach of the implied covenant of good faith and fair dealing imposed upon every contract in Missouri.

24. As a result of the foregoing breaches of Contract, Defendant has caused Plaintiff to suffer financial damages.

25. Accordingly, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, as well as an award of punitive damages and attorney fees, costs, and pre- and post-judgment interest.

## COUNT II – STATUTORY FRAUD

26. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

27. *R.S.Mo. § 301.210 Subd. 4* provides any sale of a motor vehicle without transfer of title is fraudulent.

28. Defendant sold, or purportedly sold, a vehicle to Plaintiff without transferring title of the vehicle by assignment of a Certificate of Ownership as required by Missouri statute *R.S.Mo. § 301.210 Subd. 4* and, as such, the sale was fraudulent and void as a matter of law.

29. Defendant was repeatedly put on notice by Plaintiff, in addition to being notified by the Missouri State Attorney General, of the fraudulent nature of the vehicle sale.

30. Despite being aware of their failure to transfer title by assignment of a Certificate of Ownership and by thereafter refusing to remedy same, Defendant has caused Plaintiff to suffer financial damages.

31. Accordingly, Plaintiff is entitled to an award of compensatory damages in an amount to be determined at trial, as well as an award of punitive damages and attorney fees, costs, and pre- and post-judgment interest.

**COUNT III – CIVIL REMEDIES, ATTORNEY'S FEES AND PUNITIVE DAMAGES – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT ("MMPA") - R.S. Mo. §§ 407.020 and 407.025**

32. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

33. As herein alleged Defendant used or employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, or omissions of material fact in connection with the sale of the Denali to Plaintiff, to wit:

   a. Defendants misrepresented to Plaintiffs the fact Defendant was prepared to assign a Certificate of Ownership upon Plaintiff's performance under the contract;

6

  b. Defendant misrepresented to Plaintiffs the fact Defendant would obtain an ownership interest in the Denali if he performed as required under the contract but despite Plaintiff's performance he has acquired no interests whatsoever in the Denali; and

  c. Defendant charged Plaintiff excessive fees for services and products of little or no value.

34. Plaintiff's purchase of the Denali from Defendant was made primarily for personal, family or household purposes.

35. Plaintiff purchased the Denali for personal, family or household purposes and suffered an ascertainable loss of money or property as a result of the use or employment by Defendant of methods, acts or practices declared unlawful by R.S. Mo. § 407.020.

36. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial for which he claims compensatory damages against Defendant.

37. Defendant's conduct was malicious, fraudulent, oppressive and/or recklessly committed, with wanton disregard of Plaintiff's rights.

38. Plaintiff is entitled to an award of punitive damages in an amount no less than $2,500.00 and reasonable attorney's fees and expenses of this litigation, and interest against Defendant.

39. Plaintiff is entitled to such other and further relief as may be warranted.

**COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

40. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

41. Defendant represented to Plaintiff they were able to legally sell the Denali to Plaintiff.

7

42. Despite Plaintiff performing as required under the contract, Defendant failed to perform as required by law and as set forth *supra* by delivering the Denali without providing Plaintiff an assignment of a Certificate of Ownership.

43. Defendant is a sophisticated and experienced nationwide and also a licensed Missouri auto dealership with resources enabling it to be fully knowledgeable regarding their responsibility to assign a Certificate of Ownership at the time of delivery in Missouri of any automobile sold. Despite their knowledge of their legal duty to assign ownership at the time of delivery, Defendant shifted their statutory burden to provide an assignment of ownership to Plaintiff by requiring him to obtain his own smog certification prior to Defendant's assigning Plaintiff his Certificate of Ownership.

44. As a result of Defendant's shifting its statutory responsibility to Plaintiff by failing to assign a Certificate of Ownership and thereafter insisting Plaintiff obtain his own smog certification prior to Defendant's assignment, Plaintiff has been denied the benefit of his bargained for exchange as represented by the parties contract because he has no ownership interest in the Denali after more than a year of monthly payments.

45. As a direct result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has, or will, sustain damages in an amount to be proven at trial.

**COUNT V – CONSTRUCTIVE FRAUD OR NEGLIGENT MISREPRESENTATION**

46. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

47. Defendant in the course of their business as a Missouri licensed used auto dealership, for Defendant's pecuniary gain, supplied false information to Plaintiff intended for their specific

8

guidance in their consideration of the purchase of the Denali all as herein alleged, upon which Plaintiff reasonably relied to his detriment in entering into the purchase of the Denali.

48. In furnishing such false information Defendant failed to exercise reasonable care or competence in obtaining or communicating such information to Plaintiff.

49. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered, and will continue to suffer damages, including pecuniary losses in an amount to be determined at trial.

50. Plaintiff has been damaged by Defendant's actions for which he claims compensatory damages against Defendant.

## COUNT VI – UNJUST ENRICHMENT

51. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

52. Defendant has been knowingly benefited at Plaintiff's expense by reason of their receipt of monthly payments with interest and fees made toward the purchase price for the Denali.

53. Allowing Defendants to retain such benefit without assignment to Plaintiff of a Certificate of Ownership and a judgement for his damages would be unjust under the circumstances.

54. Defendant's conduct was malicious, fraudulent, oppressive and/or recklessly committed with wanton disregard of plaintiff's rights.

55. Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial (and Plaintiff hereby tenders the return of the Denali) for which he claims compensatory and punitive damages against Defendant.

## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiff hereby incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

57. Defendant's actions were the direct and proximate cause of emotional distress suffered by Plaintiff.

57. Defendant had a duty to avoid engaging in conduct and/or actions and/or omissions that would unnecessarily and unjustifiably cause emotional stress to Plaintiff.

58. Defendant breached their duty.

59. Defendant was negligent in causing Plaintiff's emotional distress in that Defendants realized or should have realized with the foresight exercised by a reasonable person that their conduct and/or actions and/or omissions involved an unreasonable risk of causing Plaintiff emotional distress.

60. Furthermore, as the actions of Defendant are outrageous and evidence a complete indifference and conscious disregard for the rights of others, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

   a. for the first count for Breach of Contract, an award of compensatory damages and punitive damages in an amount to be determined at trial and an Order for specific performance of the Contract requiring Defendant assign to Plaintiff a Certificate of Ownership or in the alternative rescission of the contract and an award of damages; OR

   b. for the second count for Statutory Fraud, an award of compensatory damages and punitive damages in an amount to be determined at trial and an Order for specific performance of the Contract requiring Defendant assign to Plaintiff a Certificate of Ownership or in the alternative rescission of the contract and an award of damages; OR in lieu of "a" or "b"

c. for the third count for Violation of the MPA, an award of compensatory damages and punitive damages in an amount to be determined at trial and an Order for specific performance of the Contract requiring Defendant assign to Plaintiff a Certificate of Ownership or in the alternative rescission of the contract and an award of damages;  OR in lieu of "a," "b" or "c"

d. for the fourth count for Breach of the Covenant of Good Faith and Fair Dealing, an award of compensatory damages and punitive damages in an amount to be determined at trial and an Order for specific performance of the Contract requiring Defendant assign to Plaintiff a Certificate of Ownership or in the alternative rescission of the contract and an award of damages;  OR in lieu of "a," "b," "c" or "d"

e. for the fifth count for Constructive Fraud/Negligent Misrepresentation, an award of compensatory damages and punitive damages in an amount to be determined at trial and an Order for specific performance of the Contract requiring Defendant assign to Plaintiff a Certificate of Ownership or in the alternative rescission of the contract and an award of damages;  OR in lieu of "a," "b," "c," "d" or "e"

f. for the sixth count for Unjust Enrichment, an award of compensatory damages in an amount to be determined at trial;  AND

g. for the seventh count for Negligent Infliction of Emotional Distress, an award of compensatory damages and punitive damages in an amount to be determined at trial;  AND

h. an award of costs, attorney's fees, and pre- and post-judgment interest;  AND

i. all other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff requests a jury trial.

Respectfully submitted,

_____
Richard Saddler
Plaintiff, *Pro Se*
413 Genoa Drive
Manchester, MO 63021
Cell: 310-428-2110

Subscribed and sworn to before me this 23rd day of December, 2019

_____
Notary Public

My Commission Expires
March 4, 2023

KARRIE KENNEY
My Commission Expires
March 4, 2023
St. Louis County
Commission #19866617

11

Exhibit A page 1 of 2

# Final Notice: ^_Carvana^_ Title & Registration

From: Registration (registration@carvana.com)
To:   ricksaddler@yahoo.com
Date: Wednesday, April 24, 2019, 8:33 AM CDT

April 24, 2019

Richard Saddler
413 Genoa Dr
Manchester, Missouri 63021

RE: Title and Registration

Dear Juan Jazmin,

We have attempted several times to contact you by phone, text and email regarding the title and registration of the vehicle you purchased from Carvana. Additional items are required to process your registration and it's important that we hear from you within 5 days of the date on this letter. If we have not received the items requested or contact from you by the below-mentioned expiration date, you will have to return the vehicle or we may have to retake it.

**Expiration: 4/29/2019**

We believe we can work together to resolve any issue(s) you may be having. Please contact our Post Sale Operations team at 844-507-3599 at your earliest convenience.

Sincerely,
Carvana Title and Registration
registration@carvana.com

Exhibt A page 2 of 2

## Re: Final Notice: ^_Carvana^_ Title & Registration

From: ricksaddler@yahoo.com (ricksaddler@yahoo.com)
To: registration@carvana.com; ricksaddler@yahoo.com
Cc: nicholas.backes@ago.mo.gov
Date: Wednesday, April 24, 2019, 8:57 AM CDT

I just tried to call you again, as I've try to do the same this past Monday. I have over a 140 people in front of me as I have to wait on the line to communicate with you. Schedule a time setup a call if you truly want to take care of this before the April 29th.

On Wed, Apr 24, 2019 at 8:51 AM, ricksaddler@yahoo.com
<ricksaddler@yahoo.com> wrote:

> I want to make this unequivocally clear to Carvana and affiliate or anyone associated with. I have notified the local police department to let them know of what's going on with regards to the registration. And to threaten to come to my house and anywhere and now take the property in which I'm currently making monthly payments for because you could not follow the the Missouri rules is not going to be accepted. If I don't have my proper registration by the same date of the 29th of April I will file an action in court forcing you to do so. At this time I ask that Carvana and any and all Affiliates that have dealt with me through this process from acquisition to present preserve all recordings and all documents with regards to this account. I will follow this email up with a phone call right now. Thank you and I hope you would change your business practice and get this taken care of. I have cc'd the Attorney General in this message.

```
         OFFICE OF THE CIRCUIT CLERK              Invoice No: 283366
         CIRCUIT COURT OF ST.LOUIS CO                   Date: 12/23/19
            105 SOUTH CENTRAL AVENUE
                CLAYTON, MO  63105                      Page: 1
                   314-615-8035


                                              Customer No: 11
                                                 Phone No:
     RICHARD SADDLER



  Cust. Order #: 19SL-CC05679         Salesperson: #23 - DOMINIQUE

Product Code       Item Description         Qty   Unit Price      Amount
========================================================================
110             CIVIL & EQUITY FILING        1       105.50       105.50
========================================================================
                                            Sub-Total:            105.50
                                                    :
                                             Shipping:              0.00
                                            Tax [  0]:         EXEMPT *
                                        =========================
                                                Total:            105.50
                                                    :             105.50
                                        =========================
     T h a n k                            Amount Paid:            105.50
     Y o u                                 Amount Due:              0.00
                                               Change:              0.00
```