Richard Saddler, *Pro Se* Plaintiff
295 Brightfield Drive
Ballwin, MO 63021
(310) 428 - 2110



RECEIVED AND FILED
CIRCUIT COURT OF
ST LOUIS COUNTY

2020 JAN 21  AM 9: 06

JOAN M. GILMER
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **Richard Saddler** | ) | **PLAINTIFF RICHARD SADDLER'S** |
| | ) | **MEMORANDUM IN OPPOSITION TO** |
| **Plaintiff.** | ) | **DEFENDANT CARVANA'S MOTION TO** |
| **vs.** | ) | **COMPEL ARBITRATION** |
| | ) | |
| **Carvana, LLC** | ) | **Cause No. 19SL-CC05679** |
| | ) | |
| **Defendant.** | ) | **Division No. 1** |

Undersigned *pro* se Plaintiff Richard Saddler ("Plaintiff") files this Memorandum in Opposition to Defendant Carvana's ("Carvana" or "Defendant") Motion to Compel Arbitration and states:

### I.    BACKGROUND

Carvana asserts the parties entered into an arbitration agreement on September 21, 2018 and that the subject matter of this suit is covered by the scope of that agreement. Carvana's Memorandum of Law in Support of its Motion to Compel Arbitration at pages 1-2 ("Carvana Mem"). In support of this assertion Carvana attaches the putative Arbitration Agreement as *Defendant's Exhibit A* which contains Plaintiff's electronic signature and is dated September 21, 2018. Carvana Mem. page 2.    Based upon Carvana's assertion the parties entered into the agreement attached as *Defendant's Exhibit A* and that this dispute is governed by the scope of its terms, Carvana seeks to compel Plaintiff into arbitration. However, Plaintiff has made clear in his affidavit he was never presented with an arbitration agreement with regard to the purchase of the vehicle ("Denali") which is the subject of this action, whether at delivery or any time thereafter. Affidavit of Richard Saddler ¶ 18 ("Saddler Aff.").

The only electronic signature(s) Carvana ever obtained from Plaintiff were obtained when he purchased his prior vehicle from Carvana weeks earlier. Saddler Aff. ¶ 5. When this prior purchase was made, Plaintiff executed electronic documents which included an arbitration agreement. Saddler Aff. ¶ 6. When Plaintiff became dissatisfied with this purchase, Carvana agreed to accept back the vehicle provided Plaintiff make a second purchase. Saddler Aff. ¶¶ 7-8. This second purchase is the subject of this action and it also is this second purchase where Plaintiff was presented with sales documents to sign at delivery which did not include any arbitration agreement and certainly did not include Carvana's Memorandum *Exhibit A*. Saddler Aff. ¶¶ 9 & 10.

During delivery of the Denali, the salesman experienced a failure in his technology preventing his use of a tablet to access the sale documentation and which Plaintiff was to also use to provide his electronic signature. Saddler Aff. ¶ 9. Because of this technology failure, Plaintiff was unable to provide an electronic signature on any documents at the time of delivery or any time thereafter. In fact, during

delivery the salesman used Plaintiff's home printer to produce a second copy of Saddler's Affidavit *Exhibit A* which was the ONLY document executed by Plaintiff at the time of the Denali's delivery on September 21,2018,or any time thereafter. Saddler Aff. ¶ 10. Carvana could not possess a legitimate electronically signed arbitration agreement executed as of the date of the Denali's delivery, September 21, 2018, because the salesman's tablet was not functioning at delivery and he was unable to take Plaintiff's electronic signature. This is why at the time of delivery of the Denali the salesman and Plaintiff produced, and Plaintiff is now in possession of, a hard copy of the sales agreement signed by Plaintiff dated on September 21, 2018.

When Carvana provided Plaintiff "all sales documents from his Denali purchase," Carvana included a purported "Thank You" letter from Carvana to Plaintiff ostensibly thanking Plaintiff for his business. Saddler Aff. ¶ 19. An inspection of this document evidences Plaintiff's electronic signature was also inserted on this "form" document just as it was with all of Carvana's "September 21, 2018" sales documents which included Carvana's proffered Exhibit A. The fact Carvana was able to mistakenly affix Plaintiff's electronic signature on a form "Thank You" letter which obviously was supposed to be from Carvana and not a letter from the Plaintiff to himself is evidence Carvana has the ability to insert Plaintiff's electronic signature to any form document in their possession. It's telling that this "Thank You" letter was provided to Plaintiff by Carvana at the same time and along with Plaintiff's requested Denali sales documents, which dated September 21, 2018 as demonstrated above, could not have been electronically signed on this date.

Carvana's Motion is seemingly predicated at best upon incompetence and at worst an outright attempted fraud upon this court. Inasmuch as Carvana's memorandum *Exhibit A* is a wholesale production of Carvana, LLC with Plaintiff having nothing to do with its creation, Carvana's Motion to Compel Arbitration is without any legal basis supporting the requested relief.

II.    CARVANA'S PROFERRED ARBITRATION AGREEMENT IS UNENFORCEABLE BECAUSE PLAINTIFF WAS NEVER PRESENTED WITH, NOR DID HE EXECUTE, EXHIBIT A

Motions to compel arbitration require the court to consider: "(1) whether a valid arbitration agreement exists; (2) whether the dispute falls within the scope of the agreement; and (3) whether applicable contract principles subject the agreement to revocation." State ex rel. Van Alst v. Harrell, 528 S.W.3d 442, 446 (Mo. App. 2017) (quoting Baker v. Bristol Care, Inc., 450 S.W.3d 770, 774 (Mo. banc 2014).

As set forth in section I, Carvana and Plaintiff did not enter into an arbitration agreement at the time of purchase (September 21, 2018) and therefore the first element must necessarily fail and Carvana's motion denied. Carvana's proffered Exhibit A is fraudulent inasmuch as Carvana could not have acquired an electronic signature when delivering the vehicle on September 21, 2018 because the salesman's tablet used for accepting such electronic signatures was not functioning. Instead, a hard copy of the sales agreement had to be printed using Plaintiff's computer and printer. No such arbitration agreement, as represented by Carvana's Exhibit A or otherwise, was produced at the time of vehicle delivery for Plaintiff to sign. It was precisely because of the fact Carvana was unable to accept an electronic signature

from Plaintiff at the time of vehicle delivery that necessitated a hardcopy of the sales agreement be produced contemporaneously with delivery. As such, the parties did not enter into any agreement on September 21, 2018 other than that which is attached to Plaintiff's affidavit as Exhibit A and the parties certainly did not enter into any arbitration agreement and Carvana cannot thus carry their burden of proving the existence of a valid contract and their Motion to Compel Arbitration should therefore be denied.

III.     THIS COURT SHOULD INVOKE ITS INHERENT POWERS TO SANCTION CARVANA AND AWARD PLAINTIFF HIS ATTORNEY FEES

A trial court may use its inherent powers and impose sanctions when parties act in bad faith. *A.J.H. ex rel. M.J.H. v. M.A.H.S.*, 364 S.W.3d 680, 682 (Mo. App. E.D. 2012). Trial courts are encouraged to use them "sparingly, wisely, temperately, and with judicial self-restraint." *Id.* (internal quotation marks and citation omitted). "[S]anctions imposed under the court's inherent powers should be limited to situations in which it is reasonably necessary to preserve the court's existence and protect it in the orderly administration of its business." *Rea*, 74 S.W.3d at 800 (internal quotation marks and citation omitted). A trial court abuses this discretion when its sanction serves to destroy a plaintiff's case and no evidence on the record exists to support a finding of bad faith. *See Foster v. Kohm*, 661 S.W.2d 628, 632 (Mo. App. E.D. 1983). Bad faith "embraces actual intent to mislead or deceive another," or "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *A.J.H.*, 364 S.W.3d at 683. Thus, conduct that constitutes "bad judgment or negligence" does not constitute actions performed in bad faith. *See id.* (reversing the trial court's monetary sanction because the record did not support a finding of bad faith); *see also McPherson v. U.S. Physicians Mut. Risk Retention Grp.*, 99 S.W.3d 462, 481 (Mo. App. W.D. 2003) (reversing the trial court's attorney fee award as a sanction because the evidence was insufficient to support a finding of bad faith).

By bringing a Motion predicated upon a fraudulent document Carvana is "playing fast and loose" with the trial court, undermining the integrity of the judicial process. The fact Carvana had in their possession the original hard copy sales agreement signed by Plaintiff and despite this fact decided to "manufacture" fraudulent sale documents even being so bold as to add agreements which were not

part of the originally signed hard copy sales document.  Clearly, these circumstances are evidence of, and rise to the level of, "bad faith" entitling Plaintiff to attorney fees.

IV.    CONCLUSION

Because Carvana's motion is predicated upon fraudulent documentary evidence (*Defendant's Exhibit A*) their motion should be denied and Plaintiff should be awarded attorney fees.


Respectfully Submitted,


Richard Saddler, Plaintiff (*pro se*)                                    Date

1-20-2020


State of: MO
County of: _____
The forgoing document was acknowledged
before me 20 day of _____ 2020
Notary Public _____
My Commission Expires  03/13/23


K. ADELE KUBES QUALE
My Commission Expires
March 13, 2023
Franklin County
Commission #15024516