Richard Saddler, *Pro Se* Plaintiff
295 Brightfield Drive
Ballwin, MO 63021
(310) 428 - 2110

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RICHARD SADDLER,

        Plaintiff,

v.

CARVANA, LLC,

        Defendant.

Cause No. 4:20-cv-105

Missouri State Court Cause No. 1
9SL-CC05679

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO CARVANA'S NOTICE OF REMOVAL

COMES NOW, Plaintiff Richard Saddler, ("Plaintiff"), *pro se*, for his Opposition to Carvana's Notice of Removal states as follows:

### BACKGROUND

Plaintiff previously filed this action in the Circuit Court for St. Louis County, Missouri, on May 13, 2019. Affidavit of Richard Saddler ¶ 4 ("Saddler Aff."). Carvana removed the prior case to federal court. See Cause No. 4:19-cv-1646. Carvana Notice of Motion ¶ 5 ("Motion"). Plaintiff opposed removal filing a motion to remand arguing the jurisdictional limit of $75,000 had not been met. Motion ¶ 6; Saddler Aff. ¶ 5. At the hearing on remand, Carvana argued an offer by Plaintiff to Carvana to settle the matter

for $500,000 should be determinative in this Court's analysis of whether the amount in controversy threshold for diversity jurisdiction had been crossed. Motion ¶ 5. Plaintiff stated that in regard to his settlement "feelers" he put out to Carvana, the $500,000 figure was not based in any way upon his pled damages but rather were only meant to elicit a response or otherwise initiate settlement discussions. Saddler Aff. ¶ 5. Plaintiff wanted to see what Carvana would say. Id. This Court was satisfied by Plaintiff's explanation and remanded the action to state court on June 18, 2019, finding that the amount in controversy requirement for diversity jurisdiction was not satisfied. Motion ¶ 7. Upon remand, Carvana filed a Motion to Compel Arbitration (Motion ¶ 8) but Plaintiff dismissed the state court action on August 5, 2019 (Motion ¶ 9; Saddler Aff. 6). On December 23, 2019, Plaintiff filed the current Petition in the Circuit Court for St. Louis County, Missouri, Cause No. 19SL-CCCC05679. Saddler Aff. ¶ 7. Because Plaintiff dismissed his prior action it was not until he was served with Carvana's present Motion to Compel Arbitration that he had reason to research Carvana's memorandum and consequently first became aware there was a need to amend his pleadings. Saddler Aff. ¶ 8. Upon researching Carvana's memorandum, Plaintiff discovered it was necessary to amend his pleadings striking the statutory causes of action and pleading new claims. Id. As soon as Plaintiff came to know of his need to amend his pleadings he advised Carvana of this need. *See* Saddler Aff. Exhibit A. Thus, Carvana was put on notice Plaintiff intended to amend his pleadings prior to their present Notice of Removal.

## ARGUMENT

### I. Carvana's Petition for Removal is Premature

A. Plaintiff's Statutory Claims will be Stricken and Carvana's Arguments are therefore Moot

Plaintiff's statutory claims will be stricken and amended pleadings filed in this matter so Carvana's argument is moot and their motion premature. See Plaintiff's argument in Section II.A. *infra* for more on why Carvana's Notice to Remove is premature.

### II. At Present Carvana Cannot Establish the Threshold Amount in Controversy Requirement for Diversity Jurisdiction

The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Wright-Broderick v. Southwestern Bell Tel. Co.*, No., 4:13CV1441-SNLJ, 2013 WL 5954417, at *4 (E.D. Mo. Nov. 7, 2013) quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Thus, any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Carvana argues the jurisdictional threshold for the amount in controversy requirement for diversity jurisdiction should be deem satisfied "given Plaintiff's prior settlement demand, refusal to stipulate to the jurisdictional threshold, the value of the transaction, a reasonable estimate of punitive damages, and a reasonable estimate of compensatory damages for his alleged emotional distress." Motion ¶ 30. Carvana's argument is not supported by the facts, its authority supporting their determination of the value of Plaintiff's transaction as his damages, nor reason.

### A. This Jurisdictional Issue has already been Determined in Carvana's Prior Removal and Cannot be Collaterally Attacked

Dismissal of a complaint for lack of jurisdiction adjudicates the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims. *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980). The exception to this rule allowing for dismissal based on a lack of subject-matter jurisdiction not precluding reconsideration of the question where "the justiciability problem can be overcome" is inapplicable in the present case. *See Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983) (internal quotation marks omitted). Thus, if for example the court dismisses the first action without prejudice for a pleading deficiency, a correction of or amendment to the pleadings makes possible a reconsideration of the jurisdictional issue. *See id.;*

*Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 956 (8th Cir. 2001) (noting that "a plaintiff whose action is dismissed without prejudice . . . may file a new action correcting the deficiencies in the first action"). But Carvana's first action was dismissed for reasons not falling within this limited exception. Because this Court concluded Carvana had not carried its burden by preponderance of evidence the pleadings are to be amended, and the facts underlying the action have not materially changed, this Court should issue a like Order as in the prior removal and remand this matter.

Carvana alleges Plaintiff stipulated at the first remand hearing his damages were not more than $75,000. Motion ¶ 23. Carvana mischaracterizes Plaintiff's stipulation and it is noteworthy they produce no transcript thereof in support of their representation. The fact is that Plaintiff's prior demand for $500,000 was not predicated upon any claim(s) but rather just a probing offer to "feel out" defendant Saddler Aff. ¶ 5. Nonetheless, for Plaintiff's purposes, Carvana's allegation of Plaintiff's stipulation at the prior remand hearing suffices to support Plaintiff's argument herein that if this Court was unable to assert jurisdiction previously it cannot now do so given the fact nothing materially has changed, the statutory claims are to be stricken, and no new claim(s) at this time have been pled.

At the remand hearing on Carvana's first removal petition this same argument was raised by Carvana as basis for meeting the jurisdictional amount in controversy threshold needed to assert diversity jurisdiction. When Plaintiff was questioned by this Court regarding his $500,000.00 demand Plaintiff conceded that figure was not based in fact and was derived from nothing other than a desire to put out a "feeler" to produce a response by Carvana. Saddler Aff. ¶ 5. Inasmuch as nothing materially has changed in the present matter[1] there is no reason why this court should now give credence to Plaintiff's prior "feeler" to impute a value to Plaintiff's claim(s) as a basis to assert diversity jurisdiction. Further, because Plaintiff is still in the process of pleading as set forth *supra*, inasmuch as Plaintiff will be striking his statutory claims

---

[1] In fact, the only material changes which have occurred tend to weaken Carvana's argument here. Because Plaintiff has conceded he will be striking his statutory claims in his Complaint and Carvana does not at present know what new claim(s) will be asserted in Plaintiff's Amended Complaint, it is obviously premature to assert this Court has sufficient information based upon the pleadings to conclude the amount in controversy threshold for diversity jurisdiction has been met.

and asserting additional claim(s) in their place, requesting this court to again impute a value to Plaintiff's claim(s) which will be stricken and are thus moot, is not reasonable, supported by Carvana's cited authority, nor reasonable.

### B. Carvana Misapplies their Authority in Determining the value of Plaintiff's transaction to Impute Plaintiff's Amount in Controversy and thus Carvana's Reasoning Fails

"The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell v. Hershey*, 557 F.3d 953, 956 (8th Cir. 2009). While this burden ordinarily falls on a plaintiff who initiates an action in federal court, the burden falls on defendants in the removal context. *Id.* In situations such as this one, in which a plaintiff's state petition alleges a minimum amount lower than the threshold amount under § 1332, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003); 28 U.S.C. § 1446(c)(2)(B). More precisely, the defendant must show by a preponderance that a fact finder "*might* legally conclude" that damages exceed $75,000. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original). This burden "constitutes a pleading requirement, not a demand for proof[,]" *id.* at 945 (internal quotation marks omitted), although facts outside of the pleadings may be used for additional support. *See, e.g., Hug v. American Traffic Solutions, Inc.*, 2014 U.S. Dist. LEXIS 58931, 2014 WL 1689303 at *3 (E.D. Mo. Apr. 29, 2014).

Relying upon *Wright-Broderick v. Southwestern Bell Tel. Co.*, 2013 U.S. Dist. LEXIS 159525, *DiDonato v. Dochroeden, 2011 U.S. Dist. LEXIS 62115*, and *Dowell v. Debt Relief Am., L.P.*, 2007 U.S. Dist. LEXIS 46610, Carvana asserts out of thin air $37,000 as the value of Plaintiff's claim rather than look to his pleadings as their cited authority requires. Carvana misconstrues and misapplies their authority dictating the necessity for this court to employ absurd reasoning to justify exercising its diversity jurisdiction.

In *Wright-Broderick v. Southwestern Bell Tel. Co.*, 2013 U.S. Dist. LEXIS 159525, Plaintiff sought damages for Intentional Infliction of Emotional Distress based upon Defendant's violation of her human rights. Unlike the present matter where Plaintiff has not pled an amount for his damages, the Plaintiff in *Wright-Broderick* pled a specific amount seeking more than $50,000 on each of four claims plus her punitive damages. This case is thus distinguishable inasmuch as Plaintiff has not pled a specific amount of his damages and has not done so because of his stated need for discovery. It is worth noting the Defendant in *Wright-Broderick* did not remove the case to federal court until after discovery.

In *Didnato* the court again looked to plaintiff's pleadings to ascertain the value of the transaction. In *Didnato* it was the Plaintiff not the defendant who was challenging subject matter jurisdiction. This is material because the court in *Didnato*, relied upon the Plaintiff's pleadings to determine the value of the claim noting it was Plaintiff who was asserting she met the jurisdictional limit by her pleadings which asserted a claim for $35,000 in addition to her claim for treble punitive damages. It was Plaintiff's claim for $35,000 plus treble damages asserted in pleadings which the Court relied upon in concluding the jurisdictional threshold had been met. Aside from the fact Plaintiff will be amending his pleadings in the present matter, he has not pled any specific amount for his claimed damages due to the need to conduct discovery.

Even if Plaintiff was not going to strike the claim(s) as he has conceded, he has not pled an amount for his damages in his original complaint as the plaintiff in *Didnato*. Carvana's reliance upon *Didnato* is thus misplaced, at present premature, and therefore distinguishable.

Finally, in *Dowell*, the jurisdictional threshold came up in the context of a class action where the claim(s) sought by plaintiff and members of the class were damages "in excess of $ 25,000," treble damages, attorney's fees, and punitive damages. The Court concluded a fact finder could reasonably find the jurisdictional threshold had been met because, despite determining the underlying claim if successful would only amount to damages less than $10,000, the fact juries in class action cases for MPPA claims have awarded punitive damages in excess of $800,000 allowed the court to conclude the $75,000 jurisdictional

threshold had been reached. "Specifically, Defendant has provided the Court with evidence that two juries in MMPA class action cases awarded plaintiffs over $ 800,000 in punitive damages. (Memo. in Opp'n, Doc. No. 14 Ex. A). Although the punitive damages awards in these cases were made to a class, they show that juries are inclined to assess large punitive damages awards in MMPA cases." *Dowell v. Debt Relief Am., L.P.*, 2007 U.S. Dist. LEXIS 46610 at *6.

Clearly *Dowell* is not on point. Carvana has provided absolutely no evidence Plaintiff may obtain a punitive damage award sufficient, when combined with any reasonable award of damages on his breach of contract claim, to cross the jurisdictional threshold of $75,000 and an award of punitive damages approximating anything close to the $800,000 plus noted in *Dowell* is pure fantasy. Carvana's reasoning for relying on *Dowell* must also fail.

A case which is on point is *Gonzalez-Lopez v. Fahle*, 2005 U.S. Dist. LEXIS 24538 *; 2005 WL 2708832. In *Gonzalez-Lopez*, the court found that a breach of contract claim of $15,000 was insufficient to cross the jurisdictional threshold even though additional torts were pled. The court noted that "the attorney [Defendant] had offered no evidence that the actual damages comprised the amount assumed in controversy by the parties." Id. at 6. Just as in *Gonzalez-Lopez* Carvana has offered no evidence the amount assumed in controversy by Carvana is the actual damages comprising Plaintiff's claim(s) and for this reason, as it had done in Gonzales-Lopez, this Court should conclude Carvana has not carried its burden by showing by a preponderance of evidence that a fact finder *might* legally conclude that damages exceed $75,000.

Despite the fact Plaintiff did not plead an amount for his damages for any claim. Carvana, however, desires to impute what would seemingly be their potential damages in a breach of contract action against Plaintiff as his damages in Plaintiff's current action against Carvana in order to establish the threshold jurisdictional amount in controversy. This is absurd. Plaintiff's damages for Carvana's breach of contract in the current matter is a calculation of the money Plaintiff has thus far paid towards the contract in just over a year (approximately) plus any additional consequential damages. Plaintiff's contractual

damages for breach certainly would not be the value of defendant's entire expectation of their bargained for exchange as it would be claimed in an action for breach of contract against Plaintiff as Carvana argues. The $37,000 figure Carvana asserts as the value of Plaintiff's claim, predicated upon what Carvana's damages would be if a breach of contract action was brought by Carvana against Plaintiff, in no way represents Plaintiff's damages against Carvana in the current matter for Carvana's breach.

## CONCLUSION

Because Carvana has not carried its burden by showing by a preponderance that a fact finder *might* legally conclude that damages exceed $75,000 this Court should deny Carvana's Petition.

Respectfully submitted,

_____

Richard Saddler, Plaintiff

## CERTIFICATE OF SERVICE

On this 20th day of February, 2020, a copy of the attached **PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS MEMORANDUM IN OPPSOITION TO REMOVAL and PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CARVANA'S NOTICE OF REMOVAL**, were hand deliver to the US Clerk of Court and Mailed to Defendant Attorney's: Bill Brasher and Allison Lee
to the following addresses respectfully:

Boyle Brasher
1010 Market Street, St. Louis, MO 63101

and

US Clerk of Court
111 South 10th st
St. Louis, MO 63102

2/20/2020 Case: 4:20-cv-00105-HEA Doc. #: 16 Yahoo Mail - Amending my Petition Filed: 02/20/20 Page: 10 of 10 PageID #: 474

Exhibit A

## Amending my Petition

From: Richard Saddler (richardsaddler@yahoo.com)
To: wbrasher@boylebrasher.com; alee@boylebrasher.com
Date: Wednesday, January 22, 2020, 08:07 AM CST


For the purposes of keeping an open line of communication. I am going to be amending my petition and adding statute 301.213 of the Missouri rules as a another Statute in which Carvana has violated. I don't believe I'm going to have this done prior to our hearing date on Monday but I will attempt to. The reason for this disclosure to you is so that you're not wasting legal efforts without having all the facts in front of you. Thank you and again if you need to reach out to me you know how to do so.

Sent from Yahoo Mail on Android


> On Tue, Jan 21, 2020 at 8:20 AM, Richard Saddler
> <richardsaddler@yahoo.com> wrote:
>
> Bill I've received confirmation that you have received my Notice of Hearing, Plaintiffs TRO, and Memorandum in Opposition to Defendant Carvana's Motion to Compel Arbitration and Affidavit and all Exhibits to all fillings listed here in. You received all mentioned documents and supporting documentation yesterday at approximately 2 p.m., if you have any questions please don't hesitate to reach out to me.
>
> Richard T. Saddler
> richardsaddler@yahoo.com