**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RICHARD SADDLER,

      Plaintiff,

v.

CARVANA, LLC,

      Defendant.

Cause No. 4:20-cv-105-HEA

**CARVANA, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS ACTION, OR IN THE ALTERNATIVE, TO STAY**

Defendant, Carvana, LLC ("Carvana"), states as follows for its Reply in Further Support of its Motion to Compel Arbitration and Dismiss Action, or in the Alternative, to Stay (the "Motion") (Doc. 7):

## I.      INTRODUCTION

Carvana files this Reply primarily to respond to the baseless allegations Plaintiff makes in his Memorandum in Opposition to Defendant Carvana's Motion to Compel Arbitration (the "Response") (Doc. 9) and accompanying affidavit (Doc. 10).   Specifically, approximately sixteen (16) months after the transaction involving the Vehicle that is the subject of this litigation and approximately eight (8) months after conceding – in sworn allegations – that he entered into the Arbitration Agreement that is dispositive for the Motion, Plaintiff alleges for the first time that he did not execute the Arbitration Agreement and that Carvana forged his electronic signature thereon in a blatant attempt to avoid arbitrating his claims.  (Aff. R. Saddler, Doc. 10, ¶¶ 10, 17-18).  Respectfully, this Court should disregard Plaintiff's self-serving affidavit – which

contradicts his previous sworn testimony – and compel this case to arbitration pursuant to the Arbitration Agreement and federal law.

## II.        STATEMENT OF ADDITIONAL RELEVANT FACTS

### A.  Carvana's Electronic Delivery Document Delivery And Execution Processes.

At all times relevant to this Motion, Carvana utilized an application provided by DocuSign, Inc. for its customers to execute sales contracts and accompanying documents electronically.  (Decl. J. Brown, attached as **Exhibit 1**, ¶¶ 3, 7, 20).  Carvana's customers are able to access sales documents via the DocuSign application prior to Carvana's delivery of any purchased automobile, which they may review and execute at their convenience.  (**Id.** at ¶ 8).  However, Carvana's business practices prohibit completing delivery of any vehicle to its customers without a fully executed Sales Contract Packet.  (**Id.**)  Since its inception – and therefore at all times relevant to this dispute – Carvana's business practices forbid accepting "pen and ink" signatures on sales contracts or other documents presented to its customers electronically.  (**Id.** at ¶ 20).  Documents executed electronically via the DocuSign application contain a unique DocuSign Envelop ID.  (**Id.** at ¶ 9).  When a customer electronically executes documents via the DocuSign application, Carvana receives a Certificate of Completion memorializing this process.  (**Id.** at ¶ 11).

### B.  Plaintiff's August Sales Contract Packet

In August of 2018, Plaintiff purchased a 2015 GMC Terrain from Carvana.[1]  (**Id.** at ¶ 5, Ex. A).  In completing this transaction, Plaintiff agreed to and executed certain documents dated

---

[1] This automobile is not the Vehicle that is subject of Plaintiff's claims. Plaintiff returned this automobile to Carvana pursuant to its return policy.

August 1, 2018 (the "August Sales Contract Packet").[2]  (**Id.**)  Plaintiff executed the August Sales Contract Packet electronically via DocuSign, and each document in the August Sales Contract contains the following DocuSign Envelop ID in the top left corner of the document: 392A25E8-4A8A-4305-9D3F-B03F46B82C9C.  (**Id.** at ¶ 10).  When Plaintiff completed execution of the August Sales Contract Packet electronically via DocuSign, Carvana received a Certificate of Completion (the "August Certificate of Completion).  (**Id.** at ¶ 11, Ex B).

C. **Plaintiff Agrees To And Executes The September Sales Contract Packet Electronically Via DocuSign.**

On September 21, 2018, Plaintiff purchased the 2015 GMC Terrain that is the subject of this lawsuit (the "Vehicle") identified by VIN 2GKFLZE35F6281225.  (**Id.** at ¶ 13, Ex. C).  In doing so, Plaintiff agreed to and executed – via DocuSign – certain documents dated September 21, 2018 (the "September Sales Contract Packet").  (**Id.**)  Critically, the September Sales Contract Packet contained the Arbitration Agreement.[3]  (**Id.** at ¶ 14).  Each document in the September Sales Contract Packet contains the following DocuSign Envelop ID in the top left corner of the document: 12B2F82E-9E39-44EC-A792-753077B21742.  (**Id.** at ¶ 15).  After Plaintiff executed the September Sales Contract Packet on September 21, 2018, Carvana received another Certificate of Completion (the "September Certificate of Completion").  (**Id.** at ¶ 16, Ex. D).  The September Certificate of Completion and an Activity Log associated with Plaintiff's DocuSign user account confirm that Plaintiff executed the September Sales Contract

---

[2] The August Sales Contract Packet consists of an Odometer Disclosure Statement, Arbitration Agreement, Buyers Guide, Retail Installment Contract and Security Agreement, GAP Addendum to Retail Installment Contract, Credit Reporting Notice, Retail Purchase Agreement, Carvana Limited Warrant, and certification that Plaintiff was not in the process of filing or in active bankruptcy.  (Decl. J. Brown, **Exhibit 1**, ¶ 6).

[3] The September Sales Contract Packet consists of an Odometer Disclosure Statement, Arbitration Agreement, Buyers Guide, Retail Installment Contract and Security Agreement, GAP Addendum to Retail Installment Contract, Credit Reporting Notice, Retail Purchase Agreement, Carvana Limited Warranty, certification that Plaintiff is not in the process of filing or in active bankruptcy, and a Carvana Care Application. (Decl. J. Brown, **Exhibit 1**, ¶ 14).

Packet at 1:47 p.m. (Pacific) on September 21, 2018.  (**Id.** at ¶¶ 16, 18, Exs. D-E).  Shortly thereafter, Carvana's delivery associate arrived at Plaintiff's residence at 4:00 p.m. (Central) on September 21, 2018, to deliver the Vehicle – approximately thirteen (13) minutes after Plaintiff completed electronically executing the September Sales Contract Packet via DocuSign.  (**Id.** at ¶ 18, Ex. E-F).   Contrary to Plaintiff's allegations, the IP address utilized to complete the September Sales Contract Packet is not associated with Carvana.  (**Id.** at ¶¶ 16(iii), 17).  Carvana never received any written notification from Plaintiff electing to reject the Arbitration Agreement in accordance with the "Your Right to Reject this Agreement" section thereof.  (**Id.** at ¶ 19).  Based on its business records, Plaintiff electronically signed all of the documents within the September Sales Contract Packet – including the Arbitration Agreement – via his DocuSign user account associated with his personal email address.  (**Id.** at ¶ 21).

## III.   ARGUMENT

This Court should grant Carvana's Motion, compel this matter to arbitration, and dismiss the underlying lawsuit because the sworn testimony establishes that Plaintiff executed the Arbitration Agreement and never rescinded it.   Further, Plaintiff's request for sanctions is improper and his request for attorneys' fees should be dismissed out of hand because he is proceeding *pro se*.

### A.  The Facts Of This Matter – Which Are Contrary To Plaintiff's Response – Establish That He Electronically Executed The September Sales Contract Packet.

The facts of this matter establish that Plaintiff agreed to, executed, and never rescinded his acceptance of the Arbitration Agreement.  Carvana recognizes that whether the Arbitration Agreement is valid is a matter of Missouri contract law – and thus is subject to "generally applicable contract defenses . . . such as fraud, duress, or unconscionability."   *Iappini v.*

*Silverleaf Resorts, Inc.*, 116 F. Supp. 3d 932, 936 (E.D. Mo. 2015) (quoting *Robinson v. Title*

*Lenders, Inc.*, 364 S.W.3d 505, 515 (Mo. 2012)).  However, even though the burden rests with

Carvana of persuading the Court that Plaintiff's signature is "more likely valid than not," it is

"aided in doing so by the presumption that the signature is valid."  *See, e.g.*, *Germania Bank v.*

*Brehm*, 763 F. Supp. 1030, 1034 (E.D. Mo. 1991).

Here, Plaintiff's own sworn allegations establish that he executed the Arbitration

Agreement – entitling Carvana to a presumption of validity – that is determinative of Carvana's

Motion.  Plaintiff's initial verified Petition alleges, under oath, that he:

> [S]igned a retail installment contract, security agreement Carvana care
> agreement , and credit reporting notice, odometer disclosure statement, GAP
> addendum to retail installment contract, **and an arbitration agreement.**

(Pl.'s Ver. Pet., Doc. 8-2, ¶ 9 (emphasis supplied)).  Now – nearly eight (8) months after making

those verified allegations – Plaintiff alleges for the first time that Carvana fraudulently affixed

his electronic signature to the September Sales Contract Packet – including the Arbitration

Agreement.[4]  To the contrary, as set forth above, Plaintiff agreed to and electronically executed

all of the September Sales Contract Packet.   (Section II(C), *supra*).   Specifically, Plaintiff

utilized his DocuSign user account to complete execution of the September Sales Contract

Packet documents on 3:47 p.m. (Central) on September 21, 2018, prior to the Carvana

representative even arriving at his residence.  (Decl. J. Brown, **Exhibit 1**, ¶¶ 16, 18).   The

September Certificate of Completion and Activity Log associated with Plaintiff's DocuSign user

account confirm this timeline, and the DocuSign Envelope ID for the September Sales Contract

---

[4] Further, even though Carvana moved to compel arbitration in the First Action filed by Plaintiff, he never raised this claim of forgery in that proceeding.  Plaintiff claims that he dismissed the first action upon discovering that he did not sign the Arbitration Agreement.  Yet, he never raised any such concerns with either this Court or the state court, even though Carvana's motion to compel arbitration filed in the First Action was still pending at the time of dismissal.

Packet corresponds to that of the September Certificate of Completion.  (**Id.** at ¶¶ 15, 18, Exs. E-F).  Based on the September Certificate of Completion timestamp, Plaintiff's allegations regarding the Carvana delivery associate assisting him in unpacking and setting up a printer to sign his sales documents are simply untrue.[5]  In fact, since its inception Carvana's business practices – on which its associates are trained – prohibit the acceptance of hand-written "pen and ink" signatures on documents such as the September Sales Contract Packet.  (**Id.** at ¶ 20).

The facts of this case are remarkably similar to those in *Holley v. Bitesquad.com LLC*, in which a plaintiff seeking to avoid arbitrating his claims asserted in an affidavit a forged electronic signature on the applicable arbitration agreement.  Case No. 4:18-cv-00572-KGB, 2019 U.S. Dist. LEXIS 159827, at **7-8 (E.D. Ark. Sept. 19, 2019).  The District Court rejected the plaintiff's claim of forgery holding that the "Audit Trail" and "Document History" associated with the plaintiff's electronic signing account matched the "Document ID" on the putative arbitration agreement and that the plaintiff viewed and signed the documents.  *Id.* at **20-25.

Here, just as in *Holley*, the September Certificate of Completion (i.e., Audit Trail) reveals that Plaintiff viewed and executed the entirety of the September Sales Contract Packet – including the Arbitration Agreement – with the corresponding DocuSign Envelop ID.  (Decl. J. Brown, **Exhibit 1**, Ex. D).  Likewise, the September Certificate of Completion and Activity Log (i.e., Document History) reveals the time and date Plaintiff executed the September Sales Contract Packet on September 21, 2018.  (**Id.** at Exs. D-E).

Simply put, "no reasonable factfinder could conclude that [Carvana], or any other entity or individual, forged [Plaintiff's] signature on the Arbitration Agreement."  *Id.* at *23.  Plaintiff's

---

[5] Indeed, if this theory of events were accurate, it naturally begs the question as to why the Carvana associate would not have Plaintiff electronically execute the documents at that time.

submissions do nothing to rebut the presumption of validity of his signature afforded to Carvana. *See Brehm*, 763 F. Supp. 3d at 1035. Plaintiff agreed to and executed, among others, the Arbitration Agreement in connection with his purchase of the Vehicle. He never rescinded his acceptance of that Arbitration Agreement, despite being contractually able to do so without any consequence. Plaintiff cannot now reject his own prior sworn testimony solely to avoid arbitrating this dispute.[6] As such, the Court should grant the Motion and compel each of Plaintiff's claims to arbitration.

**B. Plaintiff's Criminal History Weighs On His Veracity.**

As the determination of the instant Motion will necessarily involve an assessment of Plaintiff's veracity, his criminal history is relevant, and the Court should consider it pursuant to Federal Rule of Evidence 609. Specifically, Plaintiff was convicted – in this Court – on two counts of mail fraud in 2006 and three counts of wire fraud in 2014. Carvana attaches the docket sheets associated with *United States v. Saddler*, Case No. 4:06-cr-00166-DJS (E.D. Mo. Sept. 8, 2006) and *United States v. Saddler*, Case No. 4:13-cr-00301-CDP (E.D. Mo. Jul. 1, 2014) as **Exhibit 2** and **Exhibit 3** respectively. Because mail and wire fraud are offenses traditionally considered to involve dishonesty or false statements, this Court can consider them pursuant to Rule 609. *See U.S. v. Foley*, 684 F.2d 273, 277 (8th Cir. 1982); *see also U.S. v. Rochelle*, No. 96-30329, 1997 U.S. App. LEXIS 33175, at *3 (9th Cir. Nov. 19, 1997) ("A conviction for any crime involving dishonesty or a false statement, such as wire fraud, is admissible under [Rule

---

[6] Plaintiff's affidavit mischaracterizes what he alleges is a "Thank You" note from Carvana in an attempt to prove Carvana's purported scheme. (Doc. 10-4, ¶ 19). Rather, this is actually the Credit Reporting Notice that Plaintiff acknowledged and accepted as a part of executing the September Sales Contract Packet as evidenced by the DocuSign Envelope ID in the top left corner thereof. (*See* Decl. J. Brown, **Exhibit 1**, ¶ 14, Ex. C). Interestingly, the exhibit Plaintiff attaches to his affidavit, contains no such electronic signature. (Doc. 10-4, Ex. D).

609].").  These convictions weigh directly on his veracity, and Carvana respectfully requests that this Court take judicial notice thereof and consider them when ruling on this Motion.

**C.  Carvana's Motion Properly Seeks Dismissal Pursuant To Rule 12(b)(6).**

Second, Carvana notes that Federal Rule of Civil Procedure 12(b)(6) is a proper avenue to dismiss litigation when claims are subject to arbitration now that this matter is pending in this court.  *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-82 (8th Cir. 2017); *see also Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018).  "Where all claims against all parties are subject to arbitration, dismissal of the action is proper."  *Leonard*, *v. Del. North Cos. Sport Serv.*, No. 4:15-cv-1356-CDP, 2016 U.S. Dist. LEXIS 89295, at *17 (E.D. Mo. Jul. 11, 2016) (quoting *Iappini v. Silverleaf Resorts, Inc.*, 116 F. Supp. 3d 932, 943 (E.D. Mo. 2015).  Here, all of Plaintiff's claims are subject to arbitration, and therefore the Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and should be dismissed.[7]

**D.  Plaintiff Is Not Entitled To Sanctions Or Attorneys' Fees.**

Lastly, the Court should reject Plaintiff's inappropriate request for sanctions and attorneys' fees.  As a *pro se* litigant, Plaintiff is not entitled to any award of the latter.  *See, e.g.*, *White v. Armontrout*, 29 F.3d 357, 361-62 (8th Cir. 1994) (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("the Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees. . . we are . . . satisfied that [those cases] were correctly decided") (emphasis and alterations in original)).  Further, Plaintiff's baseless request for the imposition of sanctions fails because, while the Court's inherent power to sanction "extends to a

---

[7] Carvana's initial memorandum in support of its motion recognized competing Missouri state court authority indicating a stay is appropriate. No such competing authority is present now that the litigation is before this Court.

full range of litigation abuses," this power "must be exercised with restraint and discretion." *E.g.*, *Monsanto Co. v. E.I. du Pont de Nemours & Co.*, Case No. 4:09CV00686 ERW, 2011 U.S. Dist. LEXIS 158214, at *16 (E.D. Mo. Dec. 21, 2011) (quoting *Chambers v. NASCO, Inc.*, 401 U.S. 32, 44, 46 (1991)).  Accordingly, Plaintiff fails to provide any basis much less the "clear evidence" required to award sanctions pursuant to the Court's inherent powers.  *Id.* (quoting *Mickle v. Morin*, 297 F.3d 114, 125-26 (2d Cir. 2002)).

## IV.   <u>CONCLUSION</u>

In sum, the Court should grant Carvana's Motion and compel this matter to arbitration. Plaintiff's own verified allegations establish that he agreed to and executed the Arbitration Agreement that controls this issue.  Plaintiff cannot overcome the presumption that his electronic signature on the September Sales Contract Packet is valid, especially when the Court considers the testimony and business records put forth by Carvana.  Plaintiff's self-serving, contradictory testimony does not rebut this presumption or change this Court's determination of the instant Motion.  As such, the Court should grant Carvana's Motion, compel this matter to arbitration, and dismiss Plaintiff's Complaint.

802744.1/020190644

Respectfully submitted,

/s/ William A. Brasher

William A. Brasher, #30155MO
Allison E. Lee, #61626MO
**BOYLE BRASHER LLC**
1010 Market Street, Suite 950
St. Louis, Missouri 63101
P:  (314) 621-7700
F:  (314) 621-1088
wbrasher@boylebrasher.com
alee@boylebrasher.com

and

Christopher W. Cardwell, #49583MO
M. Thomas McFarland, #033432TN*
**GULLETT SANFORD ROBINSON
& MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, TN 37201
P:  (615) 244-4994
F:  (615) 256-6339
ccardwell@gsrm.com
tmcfarland@gsrm.com
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March 2020, the foregoing was filed electronically with the Court's CM/ECF system, which will send notice of electronic filing to the following, who is a registered CM/ECF user.

Richard Saddler
413 Genoa Drive
Manchester, MO 63021
richardsaddler@yahoo.com
***Pro Se Plaintiff***

/s/ Allison E. Lee

802744.1/020190644