```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION

RICHARD SADDLER,              )
                              )
    Plaintiff,                )
                              )
    v.                        )   No. 4:19-CV-01646 HEA
                              )
CARVANA, LLC,                 )
                              )
    Defendant.                )

            TEMPORARY RESTRAINING ORDER HEARING
          BEFORE THE HONORABLE HENRY E. AUTREY
              UNITED STATES DISTRICT JUDGE
                      JUNE 18, 2019

APPEARANCES:

For Plaintiff:     Richard Saddler, Pro Se

For Defendant:     Ralph G. Godsy, Esq.
                   BOYLE BRASHER, LLC
                   1010 Market Street, Suite 950
                   St. Louis, MO 63101

                   Marshall T. McFarland, Esq.
                   GULLETT SANFORD ROBINSON & MARTIN, PLLC
                   150 Third Ave. S., Suite 1700
                   Nashville, TN 37201


REPORTED BY:       REAGAN A. FIORINO, RMR, CRR, CSR, CRC, CCR
                   Official Court Reporter
                   United States District Court
                   111 South Tenth Street, Third Floor
                   St. Louis, MO 63102 | (314)244-7989

   PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION
```

EXHIBIT 1

|    |    |
|---:|:---|
| 1  | <u>JUNE 18, 2019</u> |
| 2  | (The proceedings commenced at 10:28 a.m.) |
| 3  | **THE COURT:**  This is the matter of Richard Saddler, |
| 4  | S-A-D-D-L-E-R, Plaintiff versus Carvana, LLC, Case |
| 5  | No. 4:19-CV-01646-HEA. |
| 6  | The matter is now before the Court for purposes of |
| 7  | proceeding on Plaintiff's motion for temporary restraining |
| 8  | order noting that this matter is before the Court based upon |
| 9  | removal jurisdiction. |
| 10 | There have been a number of filings post-removal to |
| 11 | the Court.  There's a motion to dismiss that's also pending. |
| 12 | There is also a motion for a stay or to compel arbitration |
| 13 | that has been recently filed by Defendants.  Most recently |
| 14 | filed by Defendants, that motion; and there's also a motion |
| 15 | recently filed by Plaintiff to remand for lack of subject |
| 16 | matter jurisdiction. |
| 17 | Plaintiff, I believe, is proceeding *pro se*. |
| 18 | Is that correct, Mr. Saddler?  You are representing |
| 19 | yourself? |
| 20 | **MR. SADDLER:**  That's correct, Your Honor. |
| 21 | **THE COURT:**  All right.  Defendants are present this |
| 22 | morning through counsel.  Would you introduce yourselves for |
| 23 | the record. |
| 24 | **MR. McFARLAND:**  Marshall McFarland on behalf of |
| 25 | Carvana, LLC. |

1        **MR. GODSY:** Ralph Godsy with Boyle Brasher.

2        **THE COURT:** Mr. Saddler, are you ready to proceed in

3 this matter?

4        **MR. SADDLER:** I am, Your Honor.

5        **THE COURT:** Are the defendants ready to proceed,

6 Mr. McFarland?

7        **MR. McFARLAND:** We are, Your Honor.

8        **THE COURT:** So, there are some -- well, there are

9 two problems, before we get to the heart of the matter, the

10 substance of the matter, Mr. Saddler, the substance being your

11 motion for temporary restraining order.

12        One is jurisdiction of the Court. Jurisdiction is

13 always a threshold question, whether it is raised by the

14 parties or not. It's always a question that I and I think all

15 district court judges view initially regardless of what the

16 parties say or think.

17        The other problem is the recent filings of certain

18 motions by both sides. I know that -- I believe Defendant's

19 motion with respect to the request for stay or to compel

20 arbitration was filed this morning, I believe, and I think

21 your motion to remand may have been filed this morning, too,

22 Mr. Saddler, or yesterday.

23        **MR. SADDLER:** Correct, Your Honor.

24        **THE COURT:** Okay. So have you received,

25 Mr. Saddler, a copy of their motion in relation to the motion

1 to stay arbitration?
2     **MR. SADDLER:** I have.
3     **THE COURT:** All right. And when did you receive
4 that yourself?
5     **MR. SADDLER:** I received that in the mail, I
6 believe, yesterday.
7     **THE COURT:** Okay. Have you had the opportunity to
8 review that and do any research in relation to the motion? In
9 other words, are you ready to argue that motion this morning?
10     **MR. SADDLER:** I am.
11     **THE COURT:** Okay. And there's a motion to remand
12 that you filed --
13     **MR. SADDLER:** Today.
14     **THE COURT:** Today. And did you provide a copy to
15 the defendants?
16     **MR. SADDLER:** I did, yes.
17     **THE COURT:** All right. Have you all had an
18 opportunity to review that, Mr. McFarland?
19     **MR. McFARLAND:** We have.
20     **THE COURT:** Are you ready to argue that motion this
21 morning?
22     **MR. McFARLAND:** Not particularly, no. I mean,
23 yes -- yeah, we can do that. That's not a problem.
24     **THE COURT:** Well, if you said no, I wouldn't hold it
25 against you.

1     **MR. McFARLAND:**  Yeah, then we are electing not to
2  argue that motion.
3          **THE COURT:**  So let's talk about jurisdiction first.
4          Since you are the moving party on the removal,
5  Mr. McFarland, is it fair to say that the basis for
6  jurisdiction here is diversity jurisdiction?
7          **MR. McFARLAND:**  That's correct, Your Honor.
8          **THE COURT:**  Why don't you come up to the podium.
9          **MR. McFARLAND:**  I apologize.
10         Good morning.  May it please the Court.
11         Carvana is -- it's diversity jurisdiction.  Carvana
12  is a limited liability company, an Arizona limited liability
13  company, organized under the laws of Arizona.  It has two
14  members, both of which are LLCs.  Those LLCs are Delaware LLCs
15  with principal place of business in Arizona.
16         One of those LLCs has a member that is an
17  incorporated Delaware entity with a principal place of
18  business in Arizona.  The other of that LLC is a Delaware LLC
19  that has roughly 50 individual members.  Those members are
20  citizens of various states, including Arizona, Texas, but not
21  Missouri.  Complete diversity is established.
22         As far as the subject matter or the matter in
23  question, Mr. Saddler's demand for punitive damages makes it
24  clear that we are well above the 75,000-dollar threshold.
25         So we contend -- and I wanted to clear one thing up.

1  As far as our motion to compel arbitration, we filed that last
2  week.  We actually had to file a corrected version of it
3  yesterday to include some exhibits that were inadvertently
4  left off.  But as far as jurisdiction goes, we would maintain
5  that diversity jurisdiction is established in this matter.
6        **THE COURT:**  Thank you.
7        Mr. Saddler.
8        **MR. SADDLER:**  With regards to jurisdiction, there
9  is -- I guess the main point being I understand that the
10 entities aren't here in Missouri.  So we don't argue that.
11 Where the issue comes down to is the e-mail in which they
12 referenced to justify the dollar amount.  The e-mail 500,000
13 isn't a real number.  It wasn't a real number when he and I
14 talked about it initially.  The idea of having me send it via
15 e-mail was a hoax to get me to -- to move this pendulum in one
16 direction.  First off.
17       But then even if you look at the value of what's at
18 hand here, and we are talking about a car that's $26,000 --
19       **THE COURT:**  Uh-huh.
20       **MR. SADDLER:**  -- there is nowhere close to a half a
21 million dollars.  So the true essence or the core of this case
22 is based on a 26,000-and-change issue.
23       **THE COURT:**  Uh-huh.
24       **MR. SADDLER:**  And with that being said, that there
25 is the real value of the case.

1 **THE COURT:** Well, actually the real value of the
2 case is the damages that you are seeking. So what damages are
3 you seeking? Are you saying that you are only seeking damages
4 that would be equivalent of the retail and market value of the
5 car? Is that what you are saying?
6 **MR. SADDLER:** No. That's a great question, Your
7 Honor. The damages in which I am seeking are under the
8 $75,000, and that includes the amount financed along with the
9 interest expense that's going on the financing since
10 September, since I bought the car.
11 **THE COURT:** Uh-huh.
12 **MR. SADDLER:** That's what the damages are.
13 **THE COURT:** So the damages you are seeking would be
14 the value of the car and the interest on the loan up to and
15 including the date of any disposition. Is that a fair
16 statement?
17 **MR. SADDLER:** Correct. That's correct. When you
18 say the value of the car, the value of the car at the time of
19 acquisition.
20 **THE COURT:** The amount financed? The amount
21 financed?
22 **MR. SADDLER:** Yes, that's correct.
23 **THE COURT:** And the amount financed was how much?
24 **MR. SADDLER:** 26,400 -- $26,489.02.
25 **THE COURT:** All right. So in your -- in your suit,

1  you are seeking to recoup that amount?
2          **MR. SADDLER:** That's correct, Your Honor.
3          **THE COURT:** Plus the interest on that amount?
4          **MR. SADDLER:** Plus the interest expense on that.
5          **THE COURT:** Any other damages that are factored in
6  here?
7          **MR. SADDLER:** No.
8          **THE COURT:** All right. Any response you want to
9  make, Mr. McFarland?
10         **MR. McFARLAND:** Yes, Your Honor.
11             Our jurisdictional limit was made -- was stated
12 pursuant to Mr. Saddler's verified petition which seeks
13 punitive damages under the Missouri Merchandising Practices
14 Act. If he is willing to dismiss that claim and any requests
15 for punitive damages and proceed only for $26,000, the value
16 of the car, which we contend he is not entitled to, we would
17 be under the limit. But he has pled in a verified petition
18 that he is entitled to punitive damages and then he stated
19 those punitive damages are worth half a million dollars. So
20 it's either one or the other, Your Honor.
21         **THE COURT:** Mr. Saddler, are you waiving the
22 punitive damages at this time in lieu of the statement you
23 just made?
24         **MR. SADDLER:** Your Honor, I don't know that I would
25 have to waive my punitive damages. I mean, the burden being

1  on the defense in that they have to give a substantive reason
2  of how that e-mail drove them over the 75,000-dollar value
3  whereas we both know the e-mail was not a legitimate offer.
4          **THE COURT:**  Well, in your originally filed suit,
5  which was the basis for getting here --
6          **MR. SADDLER:**  Yes, sir.
7          **THE COURT:**  -- what damages did you seek in that?
8  So the record is clear.
9          **MR. SADDLER:**  The 26,400 and change, the amount of
10 the loan, and interest expense.
11         **THE COURT:**  Uh-huh.
12         **MR. SADDLER:**  And then it assessed punitive damages,
13 whatever the Court deemed necessary.  So it left it to the
14 discretion of the Court.
15         **THE COURT:**  All right.  Anything else?
16         **MR. SADDLER:**  No, sir.
17         **THE COURT:**  Okay.  Anything else, Mr. McFarland?
18         **MR. McFARLAND:**  Just only that the verified petition
19 itself did not state 26,000.  It made general claims for
20 damages, including punitive damages which were then later
21 clarified to be -- if Mr. Saddler is willing to concede that
22 he is not entitled to any damages over 75,000, we would have
23 to concede that jurisdiction doesn't exist here.  But that's
24 not his position.  That's the only other comment --
25         **THE COURT:**  Yeah.  It's not clear to me whether

1  that's his position or not.
2         You said something earlier, Mr. Saddler, in your
3  initial statement in response to Mr. McFarland's argument
4  regarding subject matter jurisdiction that I thought you said,
5  you were not seeking any damages over $75,000.
6         **MR. SADDLER:** That's correct.
7         **THE COURT:** All right. And you understand if you
8  are not seeking any damages over $75,000 and if this thing
9  winds up getting remanded to the circuit court for the -- is
10 this from the city?
11        **MR. SADDLER:** St. Louis County.
12        **THE COURT:** St. Louis County?
13        **MR. SADDLER:** Yes. That's the cap.
14        **THE COURT:** Yeah. All right. All right. Thank
15 you, sir.
16        **MR. SADDLER:** Uh-huh.
17        **THE COURT:** Did I miss anything, Cate?
18        **LAW CLERK:** I don't think so.
19        **THE COURT:** Well, Mr. McFarland, Mr. Saddler, it
20 seems to me that Mr. Saddler's statement on the record that he
21 is not seeking any damage in excess of $75,000, in short only
22 seeking damages under $75,000, that that statement in open
23 court on the record takes this case out of the diversity
24 jurisdiction statutory requirements, as such the case is
25 remanded back to the Circuit Court of the 21st Judicial

1  Circuit, St. Louis County for further proceedings.
2           Thank you-all.
3           That will conclude the proceeding.
4           (The proceedings concluded at 10:40 a.m.)

## CERTIFICATE

I, Reagan A. Fiorino, Registered Merit Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 11 inclusive and was delivered electronically and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, this 25th day of February, 2020.

*/s/ Reagan A. Fiorino*
Reagan A. Fiorino, CRR, RMR, CCR, CSR
Official Court Reporter