Richard Saddler, *Pro Se* Plaintiff
413 Genoa Drive
Manchester, MO  63021
(310) 428 - 2110

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RICHARD SADDLER,

    Plaintiff,                                  Cause No. 4:20-CV-105-HEA

v.                                 Missouri State Court Cause No. 1
                                 9SL-CC05679

CARVANA, LLC,

    Defendant.

---

### REPLY IN OPPOSITION TO CARVANA'S MEMORANDUM
### OPPOSING PLAINTIFF'S MOTION TO REMAND

COMES NOW, Plaintiff Richard Saddler, ("Plaintiff"), *pro se*, in his Reply to Carvana's

Response to his Memorandum in support of remand states as follows:

I.    THE LAW IS WELL SETTLED THAT CARVANA'S REMOVAL IS UNTIMELY

Every circuit that has addressed the question of removal timing has applied § 1446(b) literally

and adopted some form of a bright-line rule that limits the court's inquiry to the clock-triggering

pleading or other paper and, with respect to the jurisdictional amount in particular, requires a

specific, unequivocal statement from the plaintiff regarding the damages sought.  See *Mumfrey*

*v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (clock begins running only when initial

1

pleading "affirmatively reveals on its face" that the plaintiff seeks damages sufficient for federal-court jurisdiction (internal quotation marks and emphasis omitted)); *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1139 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading" (internal quotation marks omitted)); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (clock begins running only when "the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (clock begins running "only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount"); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (clock begins running only upon "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper'" that case is removable); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162-63 (4th Cir. 1997) (grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper").

As applied to the amount-in-controversy requirement, the clock commences only when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums. This approach also conforms to the standard adopted by a majority of federal circuits. See *Mumfrey*, 719 F.3d at 400; *Kuxhausen*, 707 F.3d at 1139; *Moltner*, 624 F.3d at 38; *Willis*, 228 F.3d at 897; *Akin*, 156 F.3d at 1036; *Lovern*, 121 F.3d at 162-63.

In the course of adjudicating and developing removal timing case law, one of the bright line rules, with respect to the jurisdictional amount in particular, established and followed by a majority of circuits, including the Eighth, is the rule requiring a specific, unequivocal statement

2

by a plaintiff establishing the amount of damages sought. In the Eighth Circuit, as will be shown below, this rule requires an explicit statement by the plaintiff in a complaint setting forth an amount which is within the diversity jurisdictional limit before a defendant may remove a case based solely upon the complaint. Without such an explicit statement in the complaint, this circuit has determined removal is untimely. The defendant must first receive "amended pleadings" or "other papers" before the removing party may determine that the diversity jurisdiction amount in controversy has been met and therefore removal is proper.

Carvana, while asserting Plaintiff's argument ignores the tenants of removal law (Carvana's Response to Plaintiff's Memorandum in Opposition to Carvana's Notice of Removal ("Mem") at 1.), simultaneously sets forth an argument requiring this court to disregard Eighth Circuit precedent which requires an explicit statement of damages in the complaint sufficient to meet the diversity jurisdiction amount in controversy requirement before removal is timely prior to amended pleadings or service of a motion or other documents. Carefully avoiding this Eighth Circuit precedence, Carvana asserts it should be allowed ascertain from the claims in the complaint what a reasonable jury would award and, based upon this subjective conjecture, argue the damages sought meet the amount in controversy requirement thus meeting their burden of proof allowing this Court to properly exercise subject matter jurisdiction. As shown *infra*, Carvana's argument is untimely inasmuch as amended pleadings or a motion(s) or other documents have not been served. The procedural posture is such that no discovery has occurred, only service of a complaint not explicitly stating a claimed amount of damages. Carvana is asking this court to ignore Circuit precedent and skip right to the analysis applied after service of amended pleadings, motion(s) or other documents. Carvana's cited authority pertains

3

to cases which procedurally have progressed beyond the current matter's procedural posture,

beyond just service of a complaint not explicitly stating an amount of damages. Carvana has yet

to receive amended pleadings, motion(s), or other documents making the analysis therein,

appropriate for the procedural posture of those cases, but untimely as applied to the current

matter due to its procedural posture and the fact Plaintiff did not explicitly state in his complaint

an amount in his claim of damages. Under Eighth Circuit precedent, this case should be

remanded to state court so the parties may conduct discovery, after which Carvana will have

either amended pleadings, motion(s), or other document(s) from which they can rely in support

of their current argument.

## A. THE EIGHT CIRCUIT HAS REJECTED THE SUBJECTIVE-KNOWLEDGE STANDARD (FOR DETERMINING DIVERSITY JURISDICTION AMOUNT-IN-CONTROVERSY) UPON WHICH CARVANA'S ARGUMENT IMPROPERLY RELIES

Eighth Circuit "precedent requires the district court to rely solely on the plaintiff's

viewpoint in meeting the requisite amount." *Smith v. American States Preferred Ins. Co.*, 249

F.3d 812, 813 (8th Cir. 2001) (citations omitted); see also *Burns v. Massachusetts Mut. Life Ins.

Co.*, 820 F.2d 246, 248 (8th Cir. 1987); *Reinke v. Bank of Am., N.A.*, No. 4:04-CV-1758 CAS, 2005

U.S. Dist. LEXIS 33400 (E.D. Mo. Dec. 16, 2005) at *15.

Despite this authority, Carvana argues it may "independently assess the amount in

controversy based on the relief prayed for by Plaintiff." Mem at 3. This "independent

assessment" by Carvana to determine the amount in controversy is exactly what this circuit and

indeed a majority of circuits prohibit. To accept plaintiff's contention that it may independently

assess the amount in controversy and upon this assessment argue precedent supports a finding

the jurisdictional limit has been met the Court would have to disregard the Eighth Circuit's

4

express holdings in Willis and Knudson that the thirty-day time period begins to run only when

the pleading explicitly discloses that an amount in excess of $75,000 is at stake, and disregard its

reasoning that courts should not inquire into what a particular defendant may or may not

subjectively know as part of the removal analysis.  See *Willis*, 228 F.3d at 897;  *Knudson*, 634 F.3d

at 974.  ". . . begins running upon receipt of the initial complaint only when the complaint

explicitly discloses the plaintiff is  seeking damages in excess of the federal jurisdictional

amount," *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011) (citing *In re Willis*,

228 F.3d 896, 897 (8th Cir. 2000)).  Also see *Hesser v. Home Depot U.S.A., Inc.* where this Court

makes this same argument in arriving at its ruling.  No. 4:13-CV-227 CAS, 2013 U.S. Dist. LEXIS

65502 (E.D. Mo. May 8, 2013).

 Carvana's reasoning has been rejected by this Circuit and this Court as shown.  Carvana's

argument, however, relies on misapplied authority inasmuch as the procedural posture of the

present matter distinguishes Carvana's authority as will be demonstrated in the following

section.

## B. PLAINTIFF HAS MADE NO EXPLICIT STATEMENT REGARDING THE AMOUNT OF DAMAGES HE IS SEEKING

 The federal statute on removal provides that if the case as stated in the initial pleadings is

not removable, the notice of removal may be filed within thirty days of when the defendant first

discovers the case is removable.  28 U.S.C.S. § 1446(b).  [.].. The thirty-day removal period in  §

1446(b)(3)  "begins running upon receipt of the initial complaint only when the complaint

explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."

*In re Willis*, 228 F.3d 896, 898 (8th Cir. 2000).  The *Willis* decision has been subsequently

5

interpreted as effectively rejecting arguments that the amount in controversy can be satisfied if a defendant can "reasonably glean" the amount from the complaint. *Brummel v. Humana Ins. Co.*, No. 18-00211-CV-W-JTM, 2018 U.S. Dist. LEXIS 109691 at *6 (W.D. Mo. Mar. 20, 2018) (citing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37, 38 (2d Cir. 2010) (approvingly citing *Willis* and stating that the Second Circuit was "join[ing] the Eighth Circuit . . . in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought" and rejecting an argument that the "removal clock runs from the service of the complaint, even where the complaint does not specify the amount of monetary damages sought, when the defendant can reasonably discern from the complaint that the damages sought will meet the amount-in-controversy requirement"); *also see Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011) ("[s]tate court petitions such as plaintiff's, which seek an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal.."). [A] removing defendant cannot satisfy the requirements of diversity-of-citizenship removal by merely arguing the amount-in-controversy can be gleaned from a complaint because "it is 'facially apparent in the complaint' that the amount in controversy exceeds \$75,000." *Allen v. Bayer Healthcare Pharms., Inc.*, 2014 U.S. Dist. LEXIS 21057, 2014 WL 655585, op. at *5 (E.D. Mo. Feb. 20, 2014).

in *In re Willis*, 228 F.3d 896, 898 (8th Cir. 2000), a Missouri resident filed a personal injury action against a Virginia defendant in Missouri state court seeking damages for pain and suffering, permanent disability, and wage loss. *Id.* at 897. The complaint, however, did not explicitly disclose the amount of damages sought. *Id.* After the defendant removed the case to

federal court, the plaintiff filed a motion to remand, arguing that the removal was untimely because the removal notice was filed more than thirty days after the defendant had received a copy of the plaintiff's complaint. *Id.* The court disagreed, noting "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *Id.* Such a rule, the court reasoned "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.*

As in *Willis*, Plaintiff has not explicitly disclosed he is seeking damages in excess of the federal jurisdictional amount in his complaint. The time for removal, under *Willis*, has not begun to run and for purposes of promoting certainty and judicial efficiency this Court should not inquire into Carvana's subjective knowledge regarding the amount in controversy.

*In Allen v. Bayer Healthcare Pharm., Inc.*, plaintiffs sought personal injury damages in a product liability case filed in state court. No. 4:14-CV-178 (CEJ), 2014 U.S. Dist. LEXIS 21057 (E.D. Mo. Feb. 20, 2014). Defendants removed the case pursuant to 28 U.S.C. § 1332 claiming diversity jurisdiction. Plaintiffs argued that the removal was untimely and should be remanded because under 28 U.S.C. § 1446(b) defendant did not remove within 30 days after ascertaining that this case was removable. *Id.* at *13. Defendant asserted that it was unable to remove the action within 30 days of being served because it did not know at that time whether the amount in controversy requirement for diversity jurisdiction was met. *Id.* In support of their contention defendant points to plaintiffs' complaint, which contained a prayer for damages in "a sum in excess of $25,000." *Id.* In reply, plaintiffs disputed defendant's claim of lack of knowledge, pointing to the defendant's contradictory statement in its notice of removal: "Plaintiffs seek both compensatory and punitive damages. Therefore, it is facially apparent from the Complaint that the amount of Plaintiffs [sic] claim exceeds $75,000." *Id.* This Court (E.D. Mo.) cited its rulings in

7

*Walton v. Lilyhorn*, 4:11-CV-509-CDP, 2011 U.S. Dist. LEXIS 43256 (E.D. Mo. Apr. 21, 2011) for the rule a party seeking removal and opposing remand has the burden of establishing that all prerequisites to jurisdiction have been satisfied and *Smith v. Dial Corp.*, 4:12-CV-1630-RWS, 2012 U.S. Dist. LEXIS 189828 (E.D. Mo. Sept. 13, 2012) for the rule a defendant must bring evidence that the amount in controversy meets the $75,000 jurisdictional requirement, this Court found the removal improper because "[d]efendant has come forward with no evidence, either through a settlement demand or discovery responses, that would indicate that the amount in controversy exceeds $75,000." *Id*. at *14. This Court continued citing *Levinson v. Cincinnati Ins. Co.* stating that Defendant's bare assertion that it is "facially apparent in the Complaint" that the amount in controversy exceeds $75,000 is not sufficient to establish that the jurisdictional amount has been met. 4:13-CV1595-CAS, 2013 U.S. Dist. LEXIS 134048 (E.D. Mo. Sept. 19, 2013) ("Missouri state court petitions . . . which seek an unspecified amount of damages, do not establish damages in excess of the jurisdictional amount and do not start the thirty-day time limit for removal.").

As this Court has already ruled in *Allen*, because Carvana's bare assertion that "[b]ecause Plaintiff's existing Complaint contains claims that a fact finder might legally conclude exceed $75,000, this case satisfies the jurisdictional amount" (Mem at 9) is tantamount to the bare assertion in *Allen* that it "facially apparent in the Complaint" that the amount in controversy exceeds $75,000, it should again reject this reasoning as insufficient to establish that the jurisdictional amount has been met.

In *Brummel v. Humana Ins. Co.*, the plaintiff opposed removal asserting the defendant had enough information at the time of filing of the complaint to ascertain the jurisdictional limit was met and therefore the thirty day period allowed for removal began running at filing. No. 18-00211-CV-W-JTM, 2018 U.S. Dist. LEXIS 109691 (W.D. Mo. Mar. 20, 2018). The plaintiff asserted the thirty day period for removing a case had thus expired prior to defendant's removal making

8

it untimely. *Id.* The court noted the case posed a recurring issue, namely; in diversity jurisdiction

what triggers the thirty day period for removing a case when the pleadings are silent on the

amount of damages sought. *Id.* In its analysis citing *Knudson v. System Painters, Inc.*, the Court

determined the removal statute provides that the 30-day deadline is triggered by the removing

party "rec[eiving] . . . a copy of an amended pleading, motion, order or other paper from which it

[can] first be ascertained that the case is one which is or has become removable." *Id.* at *1 - *2.

Noting plaintiff's complaint did not state an amount in controversy and acknowledging prior to

the filing of the complaint, the plaintiff provided defendant with a copy of a medical bill in excess

of one-hundred fifty-thousand dollars ($150,000) represented as a portion of plaintiff's damages,

the court nonetheless concluded that despite this pre-filing communication, under *Willis*

"something more" was needed before the thirty day removal period is triggered. *Id.* at *3 - *4.

Referencing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37, 38 (2d Cir. 2010), as

approvingly citing *Willis* in stating it was joining the Eighth Circuit in holding that the removal

clock does not start to run until the plaintiff serves the defendant with a paper that explicitly

specifies the amount of monetary damages sought" and rejecting an argument that the

"removal clock runs from the service of the complaint even where the complaint does not

specify the amount of monetary damages sought, the *Brummel* Court concluded "The *Willis*

decision has been subsequently interpreted as effectively rejecting arguments that the

amount in controversy can be satisfied if a defendant can "reasonably glean" the amount

from the complaint." *Id.* at *5. The Court reasoned stating, "At a minimum, in cases, such as

the case before the Court, where a petition is silent as to the amount-in-controversy, the

Eighth Circuit has explicitly found that the receipt of the complaint by the defendant does

not in itself trigger the 30-day period for removing a case" and quoting from its analysis on

point in *Knudson v. System Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011) (*quoting* 28 U.S.C.

§ 1446(b)(3) agreed that in such instances, the 30-day period is triggered by the removing party "rec[eiving] . . . a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable.". *Id.* at *6. The *Brummel* analysis continued agreeing that "The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. ." *Id.* The *Brummel* Court concluded by holding, "If a plaintiff's petition does not state an amount-in-controversy, then the 30-day removal period only begins to run when the defendant receives a "paper" (most likely post-petition) from which the defendant can ascertain "that the case" involves an amount-in-controversy exceeding $75,000. *Id.*

In the instant case, Plaintiff has served a complaint not explicitly stating an amount of claimed damages. No amended pleadings, motions or other papers have been exchanged by the parties. Plaintiff has pled general allegations sufficient to set forth a legal claim(s) while seeking damages "in an amount to be determined at trial." Plaintiff did not plead a "explicit" amount of damages and under Eighth Circuit precedent and this Court's prior decisions cited *supra*, the complaint cannot thus be the basis for "reasoning" the amount-in- controversy for diversity jurisdiction has been met.

Without citing to any authority, Carvana makes a conclusory statement that because courts evaluate jurisdiction based upon the "existing complaint" removal is "quite timely." Mem at 1.. Contrary to Carvana's blanket statement, under Eighth Circuit precedent, as has been shown, where a complaint does not explicitly plead an amount of damages and prior to service of

"amended pleadings" or "other" papers, this Court just does not have subject matter jurisdiction.

Ignoring Circuit precedent and arguing using the analysis applied by courts after service of amended pleadings or other papers (where a complaint does not explicitly state an amount of claimed damages), Carvana asserts this Court may exercise its diversity subject matter jurisdiction because a reasonable jury could find that Plaintiff's damages exceed $75,000. Memorandum § I. Putting aside for a moment Plaintiff's cited authority, it is noteworthy that even the authority upon which Carvana rely, however, betray the fact their analysis is premature because the procedural posture of Carvana's cited authority is not the same as the procedural posture of this matter (their cited cases involved either amended pleadings, motions or other papers) Carvana's authority is not only distinguishable but their cited cases support Plaintiff's argument Carvana's analysis is premature.

Carvana relies upon *Hollenback v. Outboard Marine Corp.* noting that this Court has recognized that a removing defendant can satisfy its burden regarding the amount in controversy by submitting proof that a plaintiff's verdict reasonably may well exceed the jurisdictional amount. 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001). But Carvana does not mention this analysis is only used by Eighth Circuit Courts after service of amended pleadings or other documents (unless, as in *Hollenback,* the complaint explicitly states an amount of claimed damages) and consequently the analysis under the current facts and procedural posture is premature and thus irrelevant. The *Hollenback* court was able, under precedent, to engage in the analysis which Carvana asks this Court to prematurely employ because the plaintiff in that action had pled an explicit amount of damages in the complaint. Relying upon the fact the body

11

of plaintiff's Complaint alleged present damages of at least $ 160,000 plus future damages, the court determined defendants had met their burden of proof on the issue of the amount in controversy being in excess of $75,000. *Hollenback* is inapplicable and therefore not controlling.

Carvana thereafter reverts back to prior authority cited in their earlier memorandum, *DiDonato v. Dochroeden*, No. 4:11-CV-00118, 2011 U.S. Dist. LEXIS 62115 (E.D. Mo. June 10, 2011), discounting Plaintiff's arguments distinguishing *DiDonato* because the complaint pled a explicit amount was not dispositive "because the value of the contract can be objectively determined from the face of the contract and is objective evidence of the amount in controversy." However, it is not Carvana's determination of the value of the contract which determines whether jurisdiction is timely but rather whether the complaint expressly states an amount in excess of the jurisdictional limit and if not whether amended pleadings, motion(s) or other papers have been exchanged upon which the analysis Carvana currently seeks may be exercised. *DiDonato* had an explicit statement of the value of the claim in the complaint unlike as in the present case and this is why it is distinguishable in the context of, and therefore subject to, the authority Plaintiff relies upon herein.

II.    CONCLUSION

Because Plaintiff did not plead an explicit amount for his damages nor serve amended pleadings, motions, or other papers upon the defendant, under Eighth Circuit precedent and this Court's prior decisions Carvana is prohibited from looking to the complaint to "independently assess the amount in controversy to argue this Court may properly exercise subject matter jurisdiction. This case should be remanded to state court.

Respectfully submitted,

Richard T. Saddler
Pro Se Plaintiff