UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD SADDLER,               )
                               )
          Plaintiff,           )
                               )
     v.                        )   CASE NO 4:20CV105 HEA
                               )
CARVANA, LLC,                  )
                               )
          Defendant.           )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel

Arbitration and Dismiss Action, or in the Alternative, to Stay, [Doc. No. 7].

Plaintiff opposes the Motion.  On August 5, 2020, the Court conducted a hearing

on the matter.  For the reasons set forth below, the Motion to Compel Arbitration is

granted.

### Facts and Background

Plaintiff originally filed this action in the Circuit Court of St. Louis County,

Missouri on December 23, 2019.  The verified *pro se*  "Complaint" alleges claims

for breach of contract, (Count I); statutory fraud, (Count II); violation of the

Missouri Merchandising Practices Act, ("MMPA") seeking punitive damages and

attorney's fees, (Count III); breach of the covenant of good faith and fair dealing,

(Count IV); constructive fraud or negligent misrepresentation, (Count V); unjust

enrichment, (Count VI); and negligent infliction of emotional distress, (Count VII).
Plaintiff seeks compensatory and punitive damages for all counts, except Count VI,
for which he seeks compensatory damages only. Plaintiff also seeks attorney's fees
and pre and post-judgment interest.

Defendant removed the matter based on the Court's diversity of citizenship
jurisdiction. 28 U.S.C. § 1332.  Plaintiff has filed an "objection" to the removal,
but has not, to date filed a motion to remand.

Plaintiff claims arise from the purchase and delivery of a 2015 GMC Terrain
SUV, VIN 2GKFLZE35F6281225.  Plaintiff contends that Defendant damaged
him by selling and delivering the SUV without contemporaneously delivering the
title in violation of Missouri law.

Prior to filing the instant action, Plaintiff previously filed a verified petition
arising out of the same transaction in the Circuit Court for St. Louis, Missouri,
which asserted claims for fraud and violation of the MMPA. In the previous action,
Plaintiff verified that he had entered into an arbitration agreement with Defendant.
Defendant removed the matter, based on Plaintiff's claim for punitive damages in
the amount of $500,000.  Plaintiff conceded in open court on June 18, 2019 that he
his damages did not exceed $75,000.  The Court remanded the action, which was
later dismissed by Plaintiff on August 5, 2019. In the current action, Plaintiff does
not mention the arbitration agreement.

## Discussion

### Jurisdiction

Although Plaintiff has not filed a motion to remand, he has objected to the Court's jurisdiction.  Even so, it is incumbent upon the Court to determine whether jurisdiction exists.  Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). Thus, "[i]t is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010)). To this end, a federal court may raise the issue of subject matter jurisdiction *sua sponte. Hayes v. State Farm Mut. Auto. Ins. Co.*, No. 4:15-CV-04010, 2015 WL 3866783, at *2 (W.D. Ark. June 23, 2015) (citing *Auto–Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007)). If a federal court does not have subject matter jurisdiction over a given case, that case must be dismissed. *See Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012).

Pursuant to 28 U.S.C. § 1331 and § 1332, federal courts only have original subject matter jurisdiction over two types of cases: (1) federal question cases; and (2) diversity of citizenship cases. 28 U.S.C. § 1331; 28 U.S.C. § 1332. The present

action is a diversity of citizenship case. Diversity of citizenship under 28 U.S.C. §

1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*,

545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds

citizenship in the same state where any plaintiff holds citizenship." *OnePoint*

*Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As the party

attempting to invoke diversity jurisdiction, it is Plaintiff's burden to investigate the

citizenship of each party and properly plead the existence of diversity. *Walker by*

*Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). The existence of

diversity of citizenship is determined at the time the suit in issue is instituted, not

when the cause of action arose. *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618

(8th Cir. 1986). Moreover, because this is a diversity of citizenship case, the

amount in controversy must exceed "the sum or value of $75,000." 28 U.S.C. §

1332(a).

Upon consideration, the Court finds that both requirements for diversity of

citizenship jurisdiction have been satisfied. Neither party disputes that Plaintiff is a

citizen of Missouri and Defendant is a citizen of Arizona, California, Connecticut,

Delaware, Georgia, New Jersey, Texas, and West Virginia but not Missouri.

With respect to the amount in controversy requirement, Plaintiff seeks

compensatory and punitive damages in six of his seven counts.  In addition, he

seeks attorney's fees and interest. Plaintiff has added additional counts from his

original suit, such that his damage demands have also increased from his previously stipulated amount.  Plaintiff was asked to again stipulate that his damages are below the jurisdictional amount; he refused to do so.

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. *See* 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. *Peters v. Union Pacific R. Co.,* 80 F.3d 257, 260 (8th Cir.1996).

The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir.2009). *See also In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993). All doubts about federal jurisdiction must be resolved in favor of remand. *Id.* at 183.

To invoke diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When the amount in controversy can be determined with complete accuracy, as in cases involving liquidated damages or statutory limits on damages, a federal court should only dismiss the complaint if it appears to a legal certainty that the claim is really for less than the jurisdictional limit. *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir.2002).

Cases removed from state court often do not allege a specific amount of damages. Instead, the cases simply allege that the damages are in excess of the state circuit court's jurisdictional minimum. Frequently, such pleadings do not clearly indicate whether the amount in controversy meets the federal jurisdictional limit. When a remand is sought in these cases, the burden falls on the party opposed to remand to establish that the amount in controversy exceeds $75,000. That party must prove, by a preponderance of the evidence, that a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. *Id. See also Bell,* 557 F.3d at 956 (party seeking to remove must establish requisite amount by a preponderance of evidence and, once established by a preponderance, remand is only appropriate if plaintiff can establish to a legal certainty that the claim is for less that the requisite amount).

Based on the record before the Court, the Court is satisfied that removal was proper.  Plaintiff previously conceded less than the jurisdictional amount in the previous case, but will not do so in this case, indicating that he is seeking over $75,000 for compensatory and punitive damages.  He has added additional counts to his original claims, thereby increasing the possibility of recovery of damages. He seeks attorney's fees (albeit, at this point the request is moot as Plaintiff is

proceeding *pro se*) and he seeks pre and post judgment interest, again, increasing the possible monetary amount.  Diversity jurisdiction exists over this matter.

**Arbitration**

Defendant moves to compel arbitration and to dismiss this action.  As in the first case, Defendant has submitted the documentation of the sale transaction between the parties, the September Sales Contract Packet.  Included in the Packet is an Arbitration Agreement entered into between the parties on September 21, 2018, along with the Declaration of Joshua Brown which details the procedure through which a sale occurs.  Plaintiff's electronic signature is affixed to each document in the September Sale Contract Packet. A Certificate of Completion has also been submitted, upon which Defendant relied to deliver the SUV to Plaintiff. Defendant never received any notice from Plaintiff that Plaintiff wanted to opt out of the Arbitration Agreement, which was an option that was available to Plaintiff.

Although Plaintiff admitted in his original verified Petition that he executed the Arbitration Agreement, he has now submitted an affidavit wherein he avers he did not electronically sign the arbitration agreement, rather, when the SUV was delivered to his home, Defendant's agent asked him to print the paperwork and sign it manually. Mr. Brown unequivocally declares in his declaration that since its inception, Defendant's business practice is not to accept pen and ink signatures; since 2017, it has exclusively used the DocuSign application for its transactions.

The FAA does not create independent federal question jurisdiction; instead, § 4 of the FAA "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute...." *Moses H. Cone Mem'l Hosp.*, *v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n. 32 (1983). Here, the Court has concluded that subject-matter jurisdiction exists due to diversity of citizenship, *see* 28 U.S.C. § 1332.

The FAA requires courts to enforce written agreements to arbitrate disputes and reflects a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24. "[C]ontract provisions directing arbitration shall be enforceable in all but limited circumstances." *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003).

Under Section 2 of the Federal Arbitration Act (FAA), "written arbitration agreements [are] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Anderson v. Carlisle*, 129 S.Ct. 1896, 1901 (2009). Section 2 "creates substantive federal law regarding the enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts." *Id.* (quotations omitted).

Plaintiff does not argue the validity or enforceability of the Arbitration Agreement. Rather, Plaintiff now claims he did not sign the agreement to arbitrate;

he claims that never signed the document, that his signature was placed there by Defendant and therefore, there is no agreement to compel arbitration.

Plaintiff's subsequent self-serving affidavit is contrary to the documentation submitted, the declaration of Joshua Brown, and his own previously filed verified Petition. The Court concludes Plaintiff's position is not credible in light of the weight of evidence contrary to his statements.

"The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. Super Shuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). In *Green*, however, the Court recognized that district courts sometimes rely upon "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.* at 669-70. Here, the entire controversy will be decided by arbitration. Thus, the Court will compel arbitration and dismiss the action.

### Conclusion

For the reasons stated herein, the Court concludes Plaintiff executed a valid arbitration agreement.  The Arbitration Agreement is in effect and requires arbitration of Plaintiff's claims. The Motion to Compel Arbitration will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's to Compel Arbitration and dismiss this action, [Doc No. 7], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed.

A separate order of dismissal is entered this same date.

Dated this 11th day of August, 2020.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE